MEREEN-JOHNSON MACHINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3531.   Decided November 9, 1926.

VALUATION OF PATENTS FOR EXHAUSTION DEDUCTION.—Evidence respecting the value of petitioner's patents considered and valuation determined.

*Herman C. J. Peisch, C. P. A.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

The petitioner complains of a deficiency letter dated March 13, 1925, asserting deficiencies in income and profits taxes for the year 1919 in the amount of $755.38, and for the year 1920 in the amount of $1,062.43.

The only issue presented for consideration is the March 1, 1913, value of certain patents owned by the petitioner and upon which value the deduction for exhaustion is claimed.

### FINDINGS OF FACT.

The petitioner, Mereen-Johnson Machine Co., is a Minnesota corporation with its principal office at Minneapolis, and it is hereinafter referred to as the corporation.

The corporation was incorporated February 10, 1905. The capital stock was issued to A. M. Mereen, 125 shares, and to Charles A. Smith, Chester T. Johnson, Charles Jones, 41⅔ shares each, and in consideration therefor and as full payment for the par value thereof ($100 per share), each of such stockholders assigned to the corporation all his patents or applications for patents and contracts of property relating to the affairs of the corporation, and further, as part consideration for the said shares of stock, agreed that any new devices or machines, relating to the affairs of the corporation, invented and patented by any of the four named stockholders and incorporators, should become the property of the corporation. This was the only consideration paid in for the $25,000 capital stock issue. The patents acquired at the time of the incorporation have not been described but were set up on the books at a value of $25,000. However, from the record it is inferred that the patents or applications for patents so acquired were for the three types of machines named—the "Squeezer," the "Box Resaw," and the "Ferris Wheel Trimmer."

The corporation has been since its organization, and was during the years here in question, engaged in the business of the operation of a machine shop and the manufacture and sale of machines used principally in the manufacture of box boards, under certain patents

owned by it for a number of years prior to 1913 and during the years in question. The two principal machines manufactured and sold under patents were the "Box Resaw" and the "Squeezer." The corporation also manufactured and sold under patent the "Ferris Wheel Trimmer," but only a few of these machines were sold as compared with the number of sales of the "Box Resaw" and "Squeezer" machines. The record does not give a description of the "Ferris Wheel Trimmer," nor does it disclose the date of issuance of patent therefor. Patent number 737,434, issued under date of August 25, 1903, covers the "Box Resaw." Patent number 869,923, issued under date of November 5, 1907, covers the "Squeezer," which is a machine for assembling matched stock and which saves the time and labor of from two to six men, the old method being to pound out matched stock by hand with wooden mallets. The petitioner corporation also sold matchers, cut-off and rip saws, and various other machines which were developed from time to time.

Gross sales for the years 1908 to 1912, inclusive, of patented machines and other articles separately stated, and the total sales are as follows:

| Year ended Dec. 31— | Miscellaneous sales. | Sales of patented machines. | Total sales. |
|---|---|---|---|
| 1908 | $14,499.29 | $14,193.50 | $28,692.79 |
| 1909 | 19,991.97 | 21,962.75 | 41,954.72 |
| 1910 | 24,073.44 | 22,144.75 | 46,218.19 |
| 1911 | 19,669.47 | 20,392.50 | 40,061.97 |
| 1912 | 28,860.47 | 20,710.92 | 49,571.39 |
| | 107,094.64 | 99,404.42 | 206,499.06 |

Sales of patented machines were 48.1 per cent of the total sales.

During the same years, 1908 to 1912, inclusive, the average tangible assets employed by the corporation and the net profits of each year were as follows:

| Year ended Dec. 31— | Average tangible assets during year. | Net income during year. |
|---|---|---|
| 1908 | $10,082.07 | $2,574.47 |
| 1909 | 14,355.23 | 5,972.03 |
| 1910 | 20,452.71 | 5,223.05 |
| 1911 | 23,676.57 | 4,724.66 |
| 1912 | 26,983.84 | 4,389.88 |
| | 95,550.42 | 22,884.09 |
| Average, 5 years | 19,110.08 | 4,576.82 |

The two patents numbered 737,334 and 869,923, respectively, had an average life after March 1, 1913, of ten years, five months and four days.

OPINION.

TRUSSELL: Although the petitioner did not in its orignial income-tax returns for the years here under consideration claim a deduction for exhaustion of patent values, it is not precluded from now asserting a claim to such deductions. *Appeal of Union Metal Mfg. Co.,* 1 B. T. A. 395.

Respecting the March 1, 1913, value of petitioner's patents, the record is not as clear as might be desired, but the fact that during the five years prior to 1913 the sales of machines made under these patents were maintained at a comparatively steady figure and that the net income of the company during the same years showed a similar steady production of profits convinces us that these patents had a value which must be reflected in the profits realized, and we are of the opinion, and therefore find, that the March 1, 1913, value of the two patents described in the findings of fact is $7,500, and that for the years here under consideration the petitioner is entitled to the deduction from gross income on account of the exhaustion of such values computed on the basis of the average life of the said two patents after March 1, 1913.

> *A redetermination of the deficiencies in accordance with the foregoing findings of fact and opinion will be made on 15 days' notice, under Rule 50, and judgment will be entered accordingly.*

STERNHAGEN dissents.